# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Terrance D. Johnson, ) | Civil Action No.: 8:16-cv-03552-JMC |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Warden Joseph McFadden, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner Terrance D. Johnson ("Petitioner") filed this *Pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition") on November 3, 2016. (ECF No. 1.) On February 6, 2017, Respondent filed a Motion for Summary Judgment. (ECF No. 14.) On March 13, 2017, Petitioner filed a response to Respondent's Motion for Summary Judgment (ECF No. 14), and Respondent filed a reply on March 17, 2017 (ECF No. 22).

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, the matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pre-trial handling. On June 29, 2017, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that the court to deny Petitioner's habeas corpus petition and grant Respondent's Motion for Summary Judgment. (ECF No. 23.) This review considers Petitioner's Objection to Report and Recommendation ("Objections"), filed on July 13, 2017. (ECF No. 14.) For the reasons set forth herein, the court **ACCEPTS** the Magistrate Judge's Report. The court thereby **DENIES** Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and **GRANTS** Respondent's Motion for Summary Judgment.

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The facts viewed in the light most favorable to Petitioner are discussed in the Report. (*See*

ECF No. 23.) The court concludes, upon its own careful review of the record, that the Magistrate Judge's factual summation is accurate and incorporates it by reference. The court will only recite herein facts pertinent to the analysis of Petitioner's Objections. Petitioner is an inmate incarcerated at Lieber Correctional Institution in the South Carolina Department of Corrections. (ECF No. 1.) In June 2004, Petitioner was indicted for trafficking cocaine and possessing a weapon during the commission of a violent crime in Charleston County, South Carolina (hereafter "State"). (ECF No. 13-1.) On March 10, 2006, a jury returned a guilty verdict against Petitioner for trafficking cocaine (second offense) and possessing a weapon during the commission of a violent crime. (ECF No. 13-2 at 260.) Petitioner was subsequently sentenced to life imprisonment for these offenses. (ECF No. 13-2 at 282.)

Petitioner filed an appeal of his State sentence in the South Carolina Court of Appeals (hereafter "Court of Appeals"). (ECF No. 13-4.) Chief Appellate Defender Robert M. Dudek represented Petitioner on this direct appeal. On August 29, 2011, the Court of Appeals affirmed Petitioner's conviction and sentence. (ECF No. 13-6.) Remittitur was issued on September 14, 2011. (ECF No. 13-7.) On September 15, 2011, Petitioner, proceeding *pro se*, filed a petition for rehearing. (ECF No. 13-8.) In a letter dated September 16, 2011, the Court of Appeals returned this petition, informing Petitioner that it no longer had jurisdiction over the case because his case was remitted to the Charleston County Clerk's office prior to receiving Petitioner's petition for rehearing. (ECF No. 13-9.)

On December 13, 2011, Petitioner, proceeding *pro se*, filed an application for post-conviction relief ("PCR"). (ECF No. 13-2 at 280-90.) Petitioner alleged he was held unlawfully based on the allegations of ineffective assistance of counsel, and due process violations to include the Fourth, Fifth, Sixth, and Fourteenth Amendments. (ECF No. 13-2 at 286.) The State filed a

return, dated June 20, 2012. (ECF No. 13-2 at 291-96.)

A PCR hearing was held on November 21, 2013, and Petitioner was represented at this hearing by Attorney Christopher L. Murphy. (ECF No. 13-2 at 297-355.) On December 1, 2014, the PCR court filed an order denying and dismissing Petitioner's PCR application with prejudice. (ECF No. 13-2 at 342-55.) A notice of appeal was timely filed and served. (ECF No. 13-11.) Attorney Tiffany L. Butler ("Butler") of the South Carolina Commission on Indigent Defense filed a *Johnson* Petition for Writ of Certiorari on Petitioner's behalf in the Supreme Court of South Carolina, dated August 26, 2015. (ECF No. 13-12.) Attorney Butler also filed a petition to be relieved as counsel. (ECF No. 13-10.) On September 21, 2015, Petitioner filed a *pro se* Petition for Writ of Certiorari in the South Carolina Supreme Court. (ECF No. 13-13.) The court remitted the matter to the lower court on July 5, 2016. (ECF No. 13-15.)

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the magistrate judge's recommendation, or recommit the matter with instructions. *See* 28 U.S.C. § 636 (b)(1).

Objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections. Fed. R. Civ. P. 72(b). "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself

that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Failure to timely file specific written objections to a Report will result in a waiver of the right to appeal from an Order from the court based upon the Report. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). If the plaintiff fails to properly object because the objections lack the requisite specificity, then *de novo* review by the court is not required.

As Plaintiff is a *pro se* litigant, the court is required to liberally construe his arguments. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The court addresses those arguments that, under the mandated liberal construction, it has reasonably found to state a claim. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).

### III. DISCUSSION

Petitioner's Objections to the Magistrate Judge's Report are merely a restatement of the underlying claims contained in his habeas corpus petition and are without merit. Petitioner's claims are as follows:

> **GROUND ONE:** 4th Amendment Violation
>
> *Supporting facts*: "This is a case where petitioner's 4th Amendment has been clearly violated. The right of people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

**GROUND TWO:** 5th Amendment Violation - Due Process

*Supporting facts*: The court erred in "refusing to suppress the drug evidence since there was no legal basis of stopping appellant's vehicle and then detaining him since the evidence clearly shows officer thought appellant was a drug courier, he ask for consent to search and utilize his drug dog when the petitioner refused since suppression was mandated under these circumstances."

**GROUND THREE:** Ineffective Assistance - Sixth Amendment violation

*Supporting facts*: (A) "Counsel was ineffective for failing to challenge the traffic stop. (B) Counsel failed to call Fauntain Judon a witness at applicant's suppression hearing, that would have showed that the officer (Troy Butler) was never behind the applicant."

**GROUND FOUR:** Ineffective Assistance - 14th Amendment

*Supporting facts*: "Counsel was ineffective for failing to properly investigate whether a camera was in the police car." "Counsel was also ineffective for failing to object to the judge going into the jury room."

**GROUND FIVE:** "Counsel was ineffective for failing to argue the fact the Stop was pretextual, Officer (Troy Butler) had no legal basis for the stop. The stop was a unconstitutional traffic stop."

**GROUND SIX:** "Trial counsel was ineffective for failing to recognize that there was no plain view."

**GROUND SEVEN:** "Trial counsel was ineffective for not objecting to judge going into jury room prior trial. The presence of the judge in jury room did infact deny petitioner his right to a fair trial by an impartial jury."

**GROUND EIGHT:** "The unconstitutional stop and the detention in this case could not be separated from the viewing of the gun and the arrest."

**GROUND NINE:** "Allen Charge - (Allen- v. United States,)

          164 U.S. 492 (1896) - defining the charge
          to be used to encourage a showing of
          deficiency and prejudice under <u>Strickland v.</u>
          <u>Washington</u> 466 U.S. 668 (1984) in support
          of his claim."

**GROUND TEN:**   "Due Process - The start of the trial without ruling on the motion to suppress clearly is in violation of petitioner's constitutional right."

*See* Petition for Writ of Habeas Corpus. (ECF No. 1.)

  Petitioner asserts that the Magistrate Judge incorrectly determined that his legal and factual issues (Ground One, Ground Three, Ground Five, Ground Six, and Ground Seven) are without merit. (ECF No. 25 at 3.) First, Petitioner reasserts Ground One of his habeas corpus petition that his rights against unreasonable search and seizure were violated without any supporting fact. (*Id.* at 1.) The Magistrate Judge reviewed Petitioner's assertions in his habeas corpus petition and determined that they were without any merit. The Magistrate Judge explained that Petitioner had a full and fair opportunity to litigate his Fourth Amendment claims during his suppression hearing in State court. (ECF No. 23 at 17.) Furthermore, Petitioner raised this issue on direct appeal. (*Id.*) Accordingly, Petitioner's Objections to the Report concerning Ground One is overruled.

  Next, Petitioner challenges the Magistrate Judge's determination in relation to Ground Three (A) of his habeas corpus petition, reiterating that his trial counsel was ineffective for failing to challenge the stop of the vehicle. (ECF No. 1 at 8.) Petitioner further reasserts Grounds Five and Six of his habeas corpus petition that his trial counsel was ineffective for failing to argue that his traffic stop was pretextual and there was a legal basis for the stop. In addition, Petitioner states that his trial counsel was ineffective for "failing to recognize that there was no plain view." (ECF No. 25 at 6.) The Magistrate Judge determined the record supports the PCR court's decision. (ECF No. 23 at 23.) The facts supporting the PCR court's reasoning are well-founded during testimony

at trial and Petitioner's PCR hearing. (*Id.*) Specifically, Petitioner's trial counsel challenged Petitioner's traffic stop and attempted to suppress the gun and drugs evidence during the suppression hearing. (*Id.*); (ECF No. 13-2 at 8-103.) After the trial court denied the suppression motion (ECF No. 13-2 at 85–94), Petitioner's trial counsel renewed this objection (*Id.* at 194–96). The Magistrate Judge determined that the PCR court's decision was not an unreasonable determination, which is based on error evident "beyond any possibility for fairminded disagreement." (ECF No. 23 at 23.) Therefore, Petitioner's Objections to the Report concerning Grounds Three (A), Five and Six are overruled.

With respect to Ground Three (B), Petitioner reasserts that his trial counsel was ineffective for failing to call Fauntain Judon ("Judon") as a witness at the suppression hearing, which would have showed that Police Officer Troy Butler "was never behind the applicant." (ECF No. 25 at 4.) Petitioner states that the testimony of this witness would have "effected the outcome of the suppression motion and petitioner's trial." (*Id.* at 5.) However, the Magistrate Judge determined that the PCR court's analysis was reasonable. Petitioner's counsel testified at the PCR hearing that she knew the Judon family and that either she or her investigator talked to Judon. (ECF No. 13-2 at 324). When questioned why she did not call Judon as a witness at the suppression hearing, counsel stated that it was "[p]robably because I wouldn't have thought it was relevant to the actual issues of the suppression hearing . . . ." (*Id.*) The Magistrate Judge adequately explained that Judon's testimony likely would not have effected the outcome of the suppression motion or Petitioner's trial. (ECF. No. 23 at 25.) Therefore, Petitioner's Objections to the Report concerning Ground Three (B) is overruled.

Finally, Petitioner contends in Ground Seven that his trial counsel was ineffective because he did not object to the "judge going into jury room." (ECF No. 25 at 2-3.) Petitioner states that

"[t]he presence of the judge in jury room without question denied Petitioner his right to a fair trial by an impartial jury." (*Id*. at 3.) Despite's Petitioner's clarification in his Objections for Ground Seven, the Magistrate Judge adequately explained that the State court's record does not reflect that the trial judge entered the jury room or improperly interacted with the jury. (ECF No. 23 at 26.) The Magistrate Judge determined that Petitioner failed to demonstrate that the judge inappropriately interacted with the jury. (*Id*.) Petitioner has not shown that the State court's application of the *Strickland* standard was unreasonable. (ECF No. 23 at 26.) Therefore, Petitioner's Objections to the Report concerning Ground Seven is overruled.

## IV. CONCLUSION

Based on the aforementioned reasons and a thorough review of the Report and Recommendation of the Magistrate Judge and the record in this case, the court **ACCEPTS** the Report and Recommendation of the Magistrate Judge (ECF No. 23). It is therefore ordered that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is **DENIED** and Respondent's Motion for Summary Judgment is **GRANTED**.

## Certificate of Appealability

The law governing certificates of appealability provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d

676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

J. Michelle Childs
United States District Judge

August 2, 2017
Columbia, South Carolina